IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| LA VON SCHMOLL, Individually and as Special Administrator for the Estate of CYRIL C. SCHMOLL, Deceased,<br><br>              Plaintiff,<br>   v.<br><br>OWENS-ILLINOIS, INC.,<br><br>              Defendant. | Case No. 3:98-cv-00693-wmc[1]<br><br>(E.D. Pa. Case No. 09-CV-61026-ER) |
| GARY SOUJA, Individually and as Special Administrator for the Estate of OSWALD F. SUOJA, Deceased,<br><br>              Plaintiff,<br>   v.<br><br>OWENS-ILLINOIS, INC.,<br><br>              Defendant. | Case No. 3:99-cv-00475-bbc<br><br>(E.D. Pa. Case No. 09-CV-60256-ER) |
| RICHARD E. AKEY,<br><br>              Plaintiff,<br>   v.<br><br>OWENS-ILLINOIS, INC.,<br><br>              Defendant. | Case No. 3:01-cv-00070-bbc<br><br>(E.D. Pa. Case No. 09-CV-60286-ER) |

---

[1] Under Federal Rule of Civil Procedure 21, the action filed by La Von Schmoll, individually and as special administrator for the estate of Cyril C. Schmoll, deceased, was severed from the actions filed by every other individual plaintiff in Case No. 3:98-cv-00693-wmc. Mem. & Order at 1-5, Jan. 14, 2009, attached as Ex. A. Owens-Illinois was only made a party to the severed and Second Amended Complaint filed on April 14, 2010, in the Eastern District of Pennsylvania. Owens-Illinois does not waive any objections, defenses, or rights with regard to every other individual plaintiff's claim.

| | |
|---|---|
| BARBARA CONNELL, Individually and as Special Administrator for the Estate of DANIEL CONNELL, Deceased, )<br><br>Plaintiff, )<br><br>v. )<br><br>OWENS-ILLINOIS, INC., )<br><br>Defendant. ) | Case No. 3:05-cv-00219-bbc<br><br>(E.D. Pa. Case No. 09-CV-60552 |

## PARTIES' JOINT PROPOSED PLAN

Plaintiffs and Owens-Illinois, Inc. ("Owens-Illinois") submit this joint proposed plan on post-remand coordinated pretrial proceedings pursuant to the telephonic status conferences and Order of April 7, 2014.

### Owens-Illinois Proposed Schedule

1. Deadline for depositions of treating physicians disclosed under Federal Rule of Civil Procedure 26(a)(2)(C): October 31, 2014.

2. Deadline for supplementation of Plaintiffs' expert reports disclosed under Federal Rule of Civil Procedure 26(a)(2)(B): December 31, 2014.

3. Deadline for supplementation of Owens-Illinois's expert reports disclosed under Federal Rule of Civil Procedure 26(a)(2)(B): January 30, 2015.

4. Deadline for depositions of experts disclosed under Federal Rule of Civil Procedure 26(a)(2)(B): March 27, 2015.

5. Deadline for motions under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993):  May 1, 2015

Deadline for responses: May 29, 2015

Deadline for replies: June 12, 2015.

**Plaintiffs' Proposed Schedule**

1. Supplementation of Plaintiff's 26(a)(2)(B) expert reports in *Suoja* by May 17, 2014.

2. Supplementation of Owens-Illinois's 26(a)(2)(B) expert reports in *Suoja* by June 17, 2014.

3. Supplementation of Plaintiff's 26(a)(2)(B) expert reports in *Connell* and *Schmoll* by June 17, 2014

4. Supplementation of Owens-Illinois's 26(a)(2)(B) expert reports in *Connell* and *Schmoll* by July 17, 2014

5. Supplementation of Plaintiff's 26(a)(2)(B) expert reports in *Akey* by July 17, 2014

6. The parties are given leave to take the deposition(s) of any co-worker over the age of 70 who was previously disclosed in *Suoja, Connell, Schmoll,* or *Akey* in order to preserve their testimony.

7. Owens-Illinois to file any motions to limit or exclude the Weyerhauser patent liability claim in the *Schmoll* and *Akey* cases by August 16, 2014.  Plaintiff has

until September 14, 2014 to respond. Owens-Illinois has until September 28, 2014 to file reply. Discovery on this issue closes on August 16, 2014.

8. Supplementation of Owens-Illinois's 26(a)(2)(B) expert reports in *Akey* by August 17, 2014

9. Depositions of 26(a)(2)(B) experts in *Suoja* by October 17, 2014, limited to the matters which were supplemented

10. Depositions of 26(a)(2)(B) experts in *Connell* and *Schmoll* by November 17, 2014, limited to the matters which were supplemented

11. Depositions of 26(a)(2)(B) experts in *Akey* by December 17, 2014, limited to the matters which were supplemented

12. Daubert (non-dispositive only) motions in *Suoja* due November 17, 2014; responses due December 17, 2014, and replies due December 31, 2014.

13. Daubert (non-dispositive only) motions in *Connell* and *Schmoll* due December 17, 2014; responses due January 17, 2015, and replies due January 31, 2015.

14. Daubert (non-dispositive only) motions in *Akey* due January 17, 2015; responses due February 17, 2015, and replies due March 3, 2015.

15. Non trial depositions of treating physicians to be completed 90 days before trial.

16. 26(a)(3) disclosures and all MILs due in each case 70 days before trial. MIL responses due in each case 42 days before trial.

17. Settlement letters due 40 days before trial.

18. Trial depositions of witnesses to be completed 30 days before trial in each case.

19. Final pretrial conference in *Suoja* on July 6, 2015.

20. Final pretrial conference in *Connell* on September 7, 2015.

21. Final pretrial conference in *Schmoll* on October 19, 2015.

22. Final pretrial conference in *Akey* on November 16, 2015.

23. *Suoja* jury trial set for August 3, 2015.

24. *Connell* jury trial set for October 5, 2015.

25. *Schmoll* jury trial set for November 2, 2015.

26. *Akey* jury trial set for December 7, 2015.

Dated:  April 18, 2014                                Respectfully submitted,


/s/ Robert G. McCoy                                   /s/Brian O. Watson
Michael P. Cascino                                    Matthew J. Fischer
Robert G. McCoy                                       Edward Casmere
Jin-Ho Chung                                          Brian O. Watson
Cascino Vaughan Law Offices, Ltd.                     Schiff Hardin LLP
220 S. Ashland Avenue                                 233 S. Wacker Drive Suite 6600
Chicago, Illinois  60607                              Chicago, Illinois  60606
Phone:  (312) 944-0600                                Phone:  (312) 258-5500
Fax:  (312) 944-1870                                  Fax:  (312) 258-5600

*Attorneys for Plaintiffs*                            *Attorneys for Defendant*
                                                      *Owens-Illinois, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on April 18, 2014, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE:<br>ASBESTOS PRODUCTS<br>LIABILITY LITIGATION | : : : | MULTI-DISTRICT LITIGATION<br><br>NO. MDL 875 |
|---|---|---|
| CHARLES ASMUNDSEN<br>v.<br>ANCHOR PACKING COMPANY<br>ET AL | : : : : : | CIVIL ACTION<br><br>NO.: 3:98-cv-00693<br>(U.S.D.C. Wisconsin Western) |
| CHARLES ASMUNDSEN<br>v.<br>ANCHOR PACKING COMPANY<br>ET AL | : : : : : | CIVIL ACTION<br><br>NO.: 2:09-60999<br>(U.S.D.C. Pennsylvania Eastern) |

FILED
JAN 1 4 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM AND ORDER

A civil action was filed in the United States District Court for the Western District of Wisconsin and properly docketed by that court as 98-cv-00693; this civil action has been transferred to this court as part of the federal systemwide asbestos products liability litigation, known commonly as MDL 875.

This one civil action has been brought by 28 individual plaintiffs.[1] We note that claims of different plaintiffs which involve common legal issues, but totally different alleged facts, may not be grouped into a single action pursuant to the plain and unambiguous language of Federal Rule of Civil Procedure 20(a)(1). In the instant matter, while it is true that the claims asserted by each of the

---

[1] For the purpose of this Memorandum and Order, the term "plaintiff" shall also include and refer to that plaintiff's spouse, if a party, or the estate's administrator, if a party.

1

plaintiffs against the defendants in this civil action are based upon alleged injuries allegedly incurred as a result of exposure to asbestos products, their individual clams do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and are therefore not related within the meaning of Federal Rule of Civil Procedure 20(a)(1).[2] Pursuant to Federal Rule of Civil Procedure 21, federal courts may sever misjoined plaintiffs *sua sponte* when their claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences.[3] In addition, courts may sever parties for the "efficient administration of justice."[4] An action severed under Federal Rule of Civil Procedure 21 becomes an independent civil action.[5]

Moreover, the just, speedy and efficient processing of this matter in this court will require separate trials for each of these plaintiffs, as their lawsuits may involve different facts, different witnesses, different evidence, different legal theories and different defenses, which could lead to confusion of the jury if they were all tried together.[6] In addition, it is obvious that permitting such multi-plaintiff actions with unrelated claims to proceed without severance would complicate

---

[2] In re: Avandia Marketing, Sales Practices and Products Liability Litigation, MDL No. 1871 (ED Pa. July 21, 2008); DirectTV v. Citrigno, 03-cv-3282 (ED Pa. October 27, 2003); DirectTV v. Weiss, 03-cv-3277 (ED Pa. August 5, 2003); Norwood Co. V. RLI Ins. Co., et al., 01-cv-6153 (ED Pa. Apr. 4, 2002); Myers v. Consolidated Rail Corporation, 96-cv-6579 (ED Pa. October 17, 1996). Accord, In Re: Diet Drugs, MDL 1203, 325 F.Supp. 2d 540 (ED Pa. 2004).

[3] Norwood Co. V. RLI Ins. Co., et al., 01-cv-6153 (ED Pa. Apr. 4, 2002).

[4] Official Comm. Of Unsecured Creditors v. Shapiro, et al., 190 F.R.D. 352, 355 (E.D. Pa. 2000).

[5] See, Degen v. Bunce, et al., 93-cv-5674 (ED Pa. Mar. 13, 1995).

[6] See, United States v. 1,071.08 Acres of Land, Yuma and Mojave Counties, Arizona, 564 F.2d 1350 (9th Cir. 1977); Manufacturers Bank and Trust Company of St. Louis v. Transamerica Insurance Company, 568 F.Supp. 790 (ED Mo. 1983); Henz v. Superior Trucking Company, Inc., 96 F.R.D. 219 (MD Pa. 1982).

discovery and interfere with its completion in accordance with assigned deadlines.

Severance of this matter will require each of the plaintiffs to file a Severed and Amended Complaint that provides the necessary information about his or her individual claims. Likewise, a filing fee pursuant to 28 U.S.C. must be assessed for each of these individual plaintiffs (except for the lead plaintiff, Charles Asmundsen, who has already satisfied the fee requirement in the United States District Court for the Western District of Wisconsin).

Accordingly, this _____ Day of _____, 2009, it is hereby **ORDERED** as follows:

1. Within sixty (60) days, <u>each</u> individual plaintiff[7] shall file one "Severed and Amended Complaint" in this court. The Clerk of this Court is directed to assign separate civil action numbers to each individual plaintiff. Failure to comply with this section of the instant Order may result, upon motion by any concerned defendant, in the dismissal of that specific plaintiff's civil action <u>with prejudice</u>, pursuant to Federal Rule of Civil Procedure 41.

2. Each Severed and Amended Complaint shall contain the specific claims asserted by that individual plaintiff against any defendant named in the Severed and Amended Complaint. Failure to comply with this section of the instant Order may result, upon motion by any concerned defendant, in the dismissal of that specific plaintiff's civil action <u>with prejudice</u>, pursuant to Federal Rule of Civil Procedure 41.

3. Each Severed and Amended Complaint shall be submitted to the Clerk of Court on disk in portable document format (pdf), along with a courtesy paper copy of the complaint, for filing. Pursuant to Local Rule of Civil Procedure 5.1.2, all attorneys shall apply for a signature code by

---

[7]For the purpose of Section 1 through Section 8 of this Order, the term "plaintiff" shall also include and refer to that plaintiff's spouse, if a party, or the estate's administrator, if a party.

completing and filing with the Clerk of Court a Validation of Signature Form, a copy of which is attached hereto. An attorney's signature code shall be entered on the signature line of the courtesy copy of the Severed and Amended Complaint for the purpose of signature validation pursuant to Federal Rule of Civil Procedure 11.

4. Absent prior leave of court, a Severed and Amended Complaint shall contain only those claims pleaded in the original multi-plaintiff action or some subset of those claims. Failure to comply with this section of this Order may result, upon motion by any concerned defendant, in the dismissal of the affected claims with prejudice.

5. Absent prior leave of court, a Severed and Amended Complaint shall not name any new defendants not named in the original multi-plaintiff action. Claims made against any such "new defendants" may result, upon motion by any such "new defendant," in the dismissal of the affected claims with prejudice.

6. Claims against any defendant who is named in the original action, but who is not named as a defendant by the specific plaintiff in any one specific Severed and Amended Complaint may result in the dismissal, *sua sponte*, of that specific plaintiff's civil action with prejudice.

7. Except for Charles Asmundsen (the lead plaintiff in the aforesaid matter originally filed in the United States District Court for the Western District of Wisconsin), each plaintiff who files a Severed and Amended Complaint shall remit to the Clerk of Court a filing fee in the amount of $350.00, pursuant to 28 U.S.C. §1914(a). A specific plaintiff's failure to comply with this section of the instant Order may result in the dismissal, *sua sponte*, of that specific plaintiff's civil action with prejudice.

8. Each Severed and Amended Complaint must be served by the concerned plaintiff as required by Federal Rule of Civil Procedure 5.

BY THE COURT:

_____ N.
EDUARDO C. ROBRENO, J.

Date: 1/9/09

5